UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN SCOTT EWING,

                Plaintiff,

      v.

SEDRO-WOOLLEY MUNICIPAL
COURT, et al.,

            Defendants.

CASE NO. C25-2448JLR

ORDER

## I.    INTRODUCTION

Before the court is Defendants City of Sedro-Woolley (the "City"), Judge Brock D. Stiles, and Judge Pro Tem Kevin L. Rogerson's (collectively, "Moving Defendants") motion to dismiss.  (MTD (Dkt. # 7); Reply (Dkt. # 12); *see also* Am. Comp. (Dkt. # 5).) Plaintiff Kevin Scott Ewing, who is proceeding *pro se*, opposes the motion.  (Resp. (Dkt. # 11).)  The court has considered the parties' submissions, the relevant portions of the

ORDER - 1

record, and the governing law.  Being fully advised, the court GRANTS Moving Defendants' motion to dismiss.

## II.   BACKGROUND

Mr. Ewing is a resident of Sedro-Woolley, Washington, who is currently a defendant in a criminal case in the Sedro-Woolley Municipal Court.  (Am. Compl. at 1, 4; *see also* MTD, Ex. B (Case Setting Order).)  On October 12, 2023, Sedro-Woolley police arrested Mr. Ewing and charged him with driving under the influence ("DUI"), hit and run, and reckless endangerment.  (*See* Am. Compl. ¶ 13; MTD, Ex. A (Criminal Citations).)  Judge Stiles is the judicial officer presiding over Mr. Ewing's criminal case.  (Am. Compl. ¶ 7; MTD, Ex. C (Readiness Order).)  Judge Rogerson serves as a *pro tem* judge in Sedro-Woolley Municipal Court and presided over one hearing in Mr. Ewing's criminal case.  (Am. Compl. ¶ 8; MTD, Ex. D (Mot. For Continuance).)

### A.   2024 Federal Court Case

On August 21, 2024, while his criminal case was ongoing, Mr. Ewing sued the City, Judge Stiles, the prosecutor, and a police officer in this court, alleging that the state-court prosecution violated his civil rights (the "2024 Federal Court Case").  (*See generally* MTD, Ex. E (2024 Compl.).)  Mr. Ewing brought claims for violations of the Fourth, Fifth, and Fourteenth Amendments and for false arrest/false imprisonment, malicious prosecution, municipal liability, and conspiracy to violate civil rights.  (*Id*.)  In November 2024, Mr. Ewing amended his complaint, removed the police officer from the action, and added Judge Rogerson and another defendant.  (*Id*., Ex. F (2024 Am. Compl.).)  In his 2024 amended complaint, Mr. Ewing alleged that Judge Stiles and

Judge Rogerson were not properly in office and that the criminal case against him had resulted in violations of his Fourth, Fifth, and Fourteenth Amendment rights. (*See generally id.*)

On February 19, 2025, District Judge Jamal N. Whitehead dismissed with prejudice all claims in the action. *Ewing v. City of Sedro-Woolley*, No. C24-1307JNW, 2025 WL 553248, at *1 (W.D. Wash. Feb. 19, 2025), *reconsideration denied*, No. C24-1307JNW, 2025 WL 723672 (W.D. Wash. Mar. 6, 2025), and *motion for relief from judgment denied*, No. C24-1307JNW, 2025 WL 1382907 (W.D. Wash. Apr. 4, 2025). In so ruling, the court agreed with the defendants that (1) Mr. Ewing's claims for declaratory and injunctive relief were barred under the *Younger* abstention doctrine, (2) Judge Rogerson and Judge Stiles were entitled to judicial immunity; and (3) Mr. Ewing failed to plausibly allege municipal liability under *Monell*. *Ewing*, 2025 WL 553248, at *1.

**B.      Current Federal Court Case**

On December 3, 2025, Mr. Ewing commenced the current action, again challenging his ongoing state-court prosecution. (*See* Compl. (Dkt. # 1).) In his original complaint, Mr. Ewing asserted that the

> core purpose of [his] lawsuit [was] to obtain a federal judicial determination that [Defendants] never acquired jurisdiction over [him] in the underlying DUI proceedings due to its judges' and agents' lack of lawful authority stemming from unfiled oaths of office and improper appointments.

ORDER - 3

(*Id*. ¶ 2.)  He again brought claims for violations of the First, Fourth, Fifth, and Fourteenth Amendments, municipal liability, and supplemental state law claims.  (*See generally id*.)

On December 11, 2025, Mr. Ewing filed an amended complaint naming as defendants only the City, Judge Stiles, and Judge Rogerson.  (*See generally* Am. Compl.)  In his amended complaint, Mr. Ewing again alleges that Judge Stiles and Rogerson are not properly in office and brings claims for violations of Mr. Ewing's rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments and for conspiracy to violate his civil rights.  (Am. Compl. ¶¶ 2, 23-35.)  Mr. Ewing represents that he was required to participate in lengthy, ongoing criminal proceedings as a result of his arrest and prosecution and lost his commercial driver's license, wages, and liberty.  (*Id*. at 2 (alleging that he has participated in 26 months of hearings); *id*. ¶ 19.)  He seeks declaratory and injunctive relief and monetary damages.  (*Id*. at 10-11.)

On December 24, 2025, Moving Defendants filed the instant motion to dismiss Mr. Ewing's complaint under Federal Rule of Civil Procedure 12(b)(6).  (MTD at 1.)  They assert several bases for dismissal, including (1) claim preclusion; (2) *Younger* abstention; (3) judicial immunity; and (4) failure to state a claim.  (*Id*. at 6.)  Mr. Ewing filed a response on January 12, 2026, and Moving Defendants filed a reply on January 20, 2026.  (*See generally* Resp.; Reply.)  The motion is now fully briefed and ripe for the court's consideration.

ORDER - 4

## III.   ANALYSIS

The court first sets forth the applicable legal standard and then considers each of the parties' arguments in turn.

### A.   The Applicable Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6); *see also* Fed R. Civ. P. 8(a)(2) (requiring that the plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief").  Under this standard, the court construes the allegations in the complaint in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the claim contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  The court "is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in favor of the plaintiff."  *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998) (citation omitted).

### B.   Mr. Ewing's Claims are Barred Under the Doctrine of Claim Preclusion.

Claim preclusion, also referred to as *res judicata*, "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action."

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation omitted).  Claim preclusion applies in a subsequent lawsuit if there is (1) an identity of claims between the earlier and subsequent lawsuit; (2) a final judgment on the merits in the earlier lawsuit; and (3) identity or privity between the parties in the earlier and subsequent lawsuits.  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

In considering whether there is an identity of claims between an earlier and a subsequent litigation, the court considers four factors:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (citation omitted).  "The last of these criteria is the most important."  *Id*.; *see also Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917-18 (9th Cir. 2012) (discussing only the fourth factor in determining *res judicata* barred plaintiff's claims).  "Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and *whether they could conveniently be tried together*."  *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (emphasis in original) (internal quotation marks and citation omitted).  Where claims arise from the same set of facts, "a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding."  *Turtle Island*, 673 F.3d at 918.

ORDER - 6

The court concludes that the doctrine of claim preclusion bars consideration of Mr. Ewing's claims.  First, the cases share identity of claims.  As an initial matter, Mr. Ewing does not dispute that rights or judgment established in the prior judgment would be impaired by prosecution of the current action; that the same evidence is presented in the two actions; or that the two actions involve infringement of the same right.  (*See* MTD at 7-8 (so asserting); *see generally* Resp.)  Additionally, the parties agree that Mr. Ewing's two federal cases arise out of the same nucleus of facts.  (MTD at 7; Resp. at 3 (acknowledging that "both actions arise from the DUI proceedings").)  Specifically, in both cases, Mr. Ewing challenges his ongoing state-court prosecution and alleges that the judges in his criminal case are not properly in office.  (*Compare* 2024 Am. Compl.; *with* Am. Compl.)  Because the federal cases share a transactional nucleus, Mr. Ewing was required to bring all claims arising from that nucleus together in the 2024 Federal Court Case.  *Turtle Island*, 673 F.3d at 918.  By failing to do so, Mr. Ewing has "forfeit[ed] the opportunity to bring any omitted claim[s] in a subsequent proceeding."  *Id*.

In response, Mr. Ewing asserts that there is no identity of claims because the instant case "presents distinct claims under the First and Sixth Amendments, not fully litigated previously."  (Resp. at 3; *see also* Am. Compl. ¶¶ 30-33 (alleging causes of action under the First and Sixth Amendments).)  Because Mr. Ewing's two federal claims arise from the same transactional nucleus, however, the fact that he raises two new claims now does not defeat identify of claims.  Therefore, Moving Defendants have established that the two federal actions share an identity of claims.

ORDER - 7

Second, Mr. Ewing contends that the 2024 Federal Court Case judgment does not constitute a final judgment on the merits because a dismissal based on *Younger* abstention is typically without prejudice.  (Resp. at 4.)  Mr. Ewing's argument, however, is without merit.  Under the *Younger* abstention doctrine, courts must abstain from ordering injunctive relief when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th. Cir. 2018) (citation and internal quotation marks omitted); *see Younger v. Harris*, 401 U.S. 37 (1971).

In the 2024 Federal Court Case, Mr. Ewing moved the court for injunctive and declaratory relief to enjoin the criminal proceedings against him.  *Ewing*, 2025 WL 553248 at *3.  In his February 19, 2025 order, Judge Whitehead determined, as to Mr. Ewing's request for injunctive and declaratory relief, that the *Younger* factors were met and dismissed Mr. Ewing's claim.  *Id.*  Next, Judge Whitehead considered Mr. Ewing's claims for damages and ultimately dismissed those claims against Judge Stiles and Judge Rogerson with prejudice based on their judicial immunity and dismissed Mr. Ewing's claims against the City with prejudice based on his failure to plausibly allege *Monell* liability.  *Id.* at *4 (discussing judicial immunity), *5 (discussing Mr. Ewing's failure to state a *Monell* claim).  Judge Whitehead further concluded that amending the claims against the City, Judge Stiles, and Judge Rogerson would be futile and denied leave to amend.  *Id.* at *5 (judicial immunity), *6 (*Monell* liability).  Therefore, on this record, the

ORDER - 8

court agrees with Moving Defendants that the 2024 Federal Court Case constitutes a final judgment on the merits.  (MTD at 8.)

Finally, as to privity of parties, Mr. Ewing contends that claim preclusion is not warranted because "the prior action did not afford [him] a full and fair opportunity to litigate."  (Resp. at 4.)  The court agrees with Moving Defendants that this argument also lacks merit and that privity of parties is established.  (Reply at 3.)  First, Mr. Ewing does not dispute that he named all three Moving Defendants as defendants in the 2024 Federal Court Case.  (*See generally* Resp.)  Additionally, Mr. Ewing offers no evidentiary support for his claim that the court did not fully and fairly adjudicate his prior action.  (*See generally id*.)  Rather, the record shows that, in connection with the 2024 Federal Court Case, Mr. Ewing filed a motion for a temporary restraining order ("TRO"), two motions for reconsideration, and one motion for relief from judgment, all of which Judge Whitehead considered fully and fairly.  *See* 2024 WL 4893383 (TRO denied); 2025 WL 723672 (reconsideration denied); 2025 WL 50483 (second reconsideration denied); 2025 WL 1382907 (motion for relief from judgment denied).  On this record, the court rejects Mr. Ewing's argument that he did not fully and fairly litigate the 2024 Federal Court Case.

Consequently, the court concludes that Moving Defendants have met their burden to show that claim preclusion bars consideration of Mr. Ewing's claims.  *Stewart*, 297 F.3d at 956.  Because the court grants the motion to dismiss on this basis, it declines to consider the parties' arguments pertaining to the *Younger* abstention, judicial immunity, and failure to state a claim.

## C.    Leave to Amend

On January 27, 2026, Mr. Ewing filed a second amended complaint without moving the court for leave to do so.  (*See generally* Dkt.)  In his proposed second amended complaint, Mr. Ewing seeks to add as a defendant Skagit County Court Commissioner Patrick Eason who purportedly participated in the conspiracy against Mr. Ewing by referring him to probation in October 2023 and "imposing conditions such as weekly check-ins and alcohol monitoring without authority."  (2d Am. Compl. (Dkt. # 13) ¶ 22.)  Mr. Ewing also reasserts his allegations that the judicial officers in his criminal case, including Commissioner Eason, are not properly in office.  (*Id*. ¶¶ 20-22.)  On February 9, 2026, Moving Defendants filed a response to the proposed second amended complaint in which they treated Mr. Ewing's filing as a motion to amend his complaint and asserted, in relevant part, that the court should strike the second amended complaint because the proposed amendments are futile.  (2d Am. Compl. Resp. (Dkt. # 17) at 4.)  The court agrees.

Under Federal Rule of Civil Procedure 15(a), district courts are ordinarily to "freely give" leave to amend a claim subject to dismissal.  Fed. R. Civ. P. 15(a)(2). Leave to amend is not required, however, where amendment would be futile, such as when the pleading could not possibly be cured by further factual allegations.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016). Because claim preclusion bars consideration of Mr. Ewing's claims arising from his

ORDER - 10

state-court prosecution, further amendment would be futile.[1]  Therefore, the court denies leave to amend and strikes the second amended complaint.

### IV.   CONCLUSION

The court GRANTS Moving Defendants' motion to dismiss (Dkt. # 7) and STRIKES the second amended complaint (Dkt. # 13).  The court DISMISSES Mr. Ewing's amended complaint (Dkt. # 5) and this action with prejudice.  The court DENIES as moot Mr. Ewing's motion for summary judgment (Dkt. # 20) as well as Commissioner Eason's motion to dismiss (Dkt. # 18) and cross motion for summary judgment (Dkt. # 25).

Dated this 22nd day of April, 2026.

JAMES L. ROBART
United States District Judge

---

[1] Furthermore, Commissioner Eason is entitled to judicial immunity because "Superior Court Commissioners in Washington have statutory authority to preside over preliminary hearings involving adult criminal cases." *Ewing*, 2025 WL 553248, at *4 (citing RCW 2.24.040(15)).

ORDER - 11