UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN SCOTT EWING,

                    Plaintiff,

      v.

SEDRO-WOOLLEY MUNICIPAL
COURT, et al.,

                 Defendants.

CASE NO. C25-2448JLR

ORDER

## I.    INTRODUCTION

Before the court are *pro se* Plaintiff Kevin Scott Ewing's motion for reconsideration under Federal Rule of Civil Procedure 59(e) and request for judicial notice.  (MFR (Dkt. # 35); Request (Dkt. # 38).)  Mr. Ewing seeks reconsideration of and/or relief from the court's April 22, 2026 Order (1) granting Moving Defendants'[1]

---

[1] Defendants are City of Sedro-Woolley (the "City"), Judge Brock D. Stiles, and Judge *Pro Tem* Kevin L. Rogerson (together, "Moving Defendants") and Skagit County Court Commissioner Patrick Eason (collectively, "Defendants").

ORDER - 1

motion to dismiss; (2) striking the second amended complaint; and (3) dismissing as moot Mr. Ewing's and Commissioner Eason's cross motions for summary judgment and Commissioner Eason's motion to dismiss.  (*See* 4/22/26 Order (Dkt. # 33) at 11; *see also* Judgment (Dkt. # 34).)  The court exercises its discretion under Federal Rule of Civil Procedure 1 to decide the motion without awaiting Defendants' response.  *See* Fed. R. Civ. P. 1 (instructing that the rules of procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").  The court has considered Mr. Ewing's motion, the relevant portions of the record, and the governing law.  Being fully advised, the court DENIES Mr. Ewing's motion.

## II.    BACKGROUND

On December 24, 2025, Moving Defendants moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(6), in pertinent part, under the doctrine of claim preclusion.  (*See generally* MTD (Dkt. # 7).)  Specifically, Moving Defendants asserted that a 2024 federal court action (the "2024 Federal Court Case") precluded the instant action.  (*Id*. at 6-9); *see also Ewing v. City of Sedro-Woolley*, No. C24-1307JNW, 2025 WL 553248, at *1 (W.D. Wash. Feb. 19, 2025).  In the 2024 Federal Court Case, Mr. Ewing had alleged, in pertinent part, that Moving Defendants were not properly in office and that their prosecution of the underlying criminal case against him resulted in violations of his Fourth, Fifth, and Fourteenth Amendment Rights.  *See Ewing*, 2025 WL 553248 at *1; (*see also* 4/22/26 Order at 2-3 (discussing the 2024 Federal Court Case)).  The court presiding over the 2024 Federal Court Case dismissed with prejudice all of Mr.

ORDER - 2

Ewing's claims against Moving Defendants.  *See Ewing*, 2025 WL 553248 at *1.  In December 2025, Mr. Ewing commenced the current action, again challenging his ongoing state-court prosecution.  (*See* Compl. (Dkt. # 1).)

On January 27, 2026, without first obtaining the court's leave to do so, Mr. Ewing filed a second amended complaint in which he sought to add as a defendant Skagit County Court Commissioner Patrick Eason.  (2d Am. Compl. (Dkt. # 13).)  On February 10, 2026, Commissioner Eason filed a motion to dismiss.  (2d MTD (Dkt. # 18).)  That same day, Mr. Ewing moved for summary judgment against all Defendants.  (Ewing MSJ (Dkt. # 20).)  On March 3, 2026, Commissioner Eason filed a cross motion for summary judgment and a response.  (Eason MSJ (Dkt. # 25).)  On April 22, 2026, the court granted Moving Defendants' motion to dismiss, holding that claim preclusion bars consideration of Mr. Ewing's claims.  (*See generally* 4/22/26 Order.)  The court also struck the second amended complaint; and dismissed as moot the cross motions for summary judgment and Commissioner Eason's motion to dismiss.  (*See id*.)  On April 30, 2026, Mr. Ewing filed the instant motion for reconsideration and request for judicial notice.  (*See generally* MFR; Request.)  The court now turns to the merits of Mr. Ewing's motion.

### III.   ANALYSIS

The court first outlines the governing legal standard before addressing each of Mr. Ewing's arguments.  In doing so, the court is mindful that Mr. Ewing is proceeding *pro se* and, therefore, the court is required to construe her pleadings liberally.  *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Nevertheless, a *pro se* litigant must follow

ORDER - 3

the same rules of procedure that govern other litigants. *See, e.g.*, *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

### A.    The Legal Standard Governing Motions for Reconsideration.

"A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted). A motion to alter or amend a judgment under Rule 59(e) is, however, an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). A district court may grant a Rule 59(e) motion if it "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (internal quotation marks and citation omitted, cleaned up). This standard presents a "high hurdle" for a litigant seeking reconsideration under Rule 59(e). *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Similarly, under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored" and ordinarily the court will "deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *See* Local Rules W.D. Wash. LCR 7(h)(1).

### B.    The Court Denies Mr. Ewing's Motion.

The court has reviewed Mr. Ewing's motion and concludes that he has not shown newly discovered evidence, the court's clear error, or an intervening change in the

ORDER - 4

controlling law that would warrant reconsideration.  (*See generally* MFR.)  In its April 22, 2026 Order, the court agreed with Moving Defendants that the doctrine of claim preclusion bars Mr. Ewing's claims in the instant case because Mr. Ewing was required to bring all claims related to his state-court prosecution together in the 2024 Federal Court Case.  (4/22/26 Order at 5-9 (citing *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) ("[A] plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding.")).)  Mr. Ewing now contends that the court erred by (1) determining that claim preclusion bars this action; (2) overlooking due-process authority concerning his commercial driver's license; (3) determining that judicial immunity bars his claims against Commissioner Eason; and (4) determining that his *Monell* liability claims against the City fail as a matter of law.  (MFR at 3-5.)  Mr. Ewing, however, is mistaken.

Mr. Ewing's argument as to claim preclusion is the same argument that he presented to the court in his opposition to Moving Defendants' motion to dismiss.  (*See* Resp. (Dkt. # 11) at 3, 6.)  He presents no new evidence or changes in controlling law that would justify the court granting his motion, nor does he identify any clear error in the court's reasoning.  (*See generally* MFR.)  Accordingly, the court denies Mr. Ewing's motion to reconsider its decision that claim preclusion bars this action.  Furthermore, Mr. Ewing was required to raise all of his claims relating to his state-court prosecution in the 2024 Federal Action.  *Turtle Island*, 673 F.3d at 918.  Under prevailing law, he cannot raise any new or previously raised claims related to his state-court prosecution in a new

ORDER - 5

action in federal court. *Id.*;(*see also* 4/22/26 Order at 7 (so explaining)). Consequently, the court need not consider Mr. Ewing's arguments directed at specific claims.

### IV.    CONCLUSION

Accordingly, the court DENIES the motion for reconsideration (Dkt. # 35) and DENIES the request for judicial notice as moot (Dkt. # 38). This case remains closed, and the Clerk is DIRECTED not to accept any further filings from Mr. Ewing in this matter, other than a notice of appeal.

Dated this 6th day of May, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 6